IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED PLASTICS CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:06CV00629 |
| | ) | |
| TERRA TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

TILLEY, District Judge

    This matter is currently before the Court on Defendant Terra Technologies, Inc.'s ("Terra Tech") Motion to Dismiss For Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. [Doc. #8]. For the reasons set forth below, the Motion is GRANTED and the case is DISMISSED.

I.

    On July 21, 2006, Plaintiff United Plastics Corporation ("United Plastics") filed a three-count Complaint for Declaratory Judgment against Terra Tech seeking Declaratory Judgment of Non-Infringement in Count I, Declaratory Judgment of Invalidity in Count II, and alleging Tortious Interference with Contract in Count III. Each of the claims relates to patents assigned to Terra Tech regarding elutriation technology.

    According to the Complaint, Terra Tech sent a letter to United Plastics at its

headquarters in Mount Airy, North Carolina on September 15, 2005 asserting that United Plastics was infringing the patents at issue and suggesting that United Plastics obtain a license from Terra Tech. [Doc. #11, ex. A]. Over the next several months, Terra Tech's New York counsel directed the following correspondence to United Plastics' counsel in South Carolina: (1) a February 1, 2006 email requesting a response to the September 15 letter [Doc. # 11, ex. B]; (2) a March 28, 2006 letter responding to a request for licensing fee information [Doc. # 11, ex. D]; (3) a May 3, 2006 letter requesting a response to the licensing fee proposal [Doc. #11, ex. E]; (4) a June 7, 2006 negotiation letter regarding licensing fees, in response to United Plastics' counterproposal [Doc. #11, ex. G]; and (5) a July 10, 2006 letter requesting a response to the June 7 letter. [Doc. #11, ex. H]. In addition, an email from Terra Tech's counsel in Mississippi, which was sent to one of its licensees in Mississippi for whom United Plastics performs the allegedly infringing conduct, was forwarded to counsel for United Plastics. [Doc. #11, ex. I].

The parties were unable to reach a licensing agreement and eventually, United Plastics filed the complaint in this matter. Terra Tech has filed a Motion to Dismiss for lack of personal jurisdiction.

II.

The complaint in this matter seeks a declaratory judgment for invalidity and non-infringement related to the Terra Tech patents and also asserts a claim "under the statutory and common law of the State of North Carolina" for tortious

2

interference with contracts and business relationships. "Because the issue of personal jurisdiction in a declaratory action for patent invalidity and non-infringement is intimately related to patent law," the question of personal jurisdiction in such cases is governed by the law of the Federal Circuit. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003).

In the Federal Circuit, to determine whether a district court has personal jurisdiction over a defendant, the court must conduct a two-step inquiry. Red Wing Shoe Co. v. Hockerson-Halbertstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). First, the court must determine whether the forum state's long arm statute permits service of process on the defendant. Id. (citing Fed. R. Civ. P. 4(k)(1)(A)). Second, the court must determine whether the exercise of jurisdiction over the defendant comports with due process. Id. The North Carolina long-arm statute has been construed "to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). Thus, the two-step inquiry collapses into a single consideration: whether the exercise of jurisdiction over the defendant comports with due process.

It is well-established that in order to comport with due process, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Federal Circuit has

3

held that whether an exercise of personal jurisdiction satisfies due process in a patent case depends on three factors: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (citations omitted). The first two factors comport with the "minimum contacts" analysis of International Shoe, and the third factor addresses the "fair play and substantial justice" element of the analysis. Id. at 1359.

Moreover, there are two different types of personal jurisdiction: specific and general. Specific jurisdiction exists when the forum state asserts personal jurisdiction over the defendant in a suit "arising out of or related to" the defendant's contacts with the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). If, on the other hand, the issues before the court did not arise in the forum state, then the court seeks to exercise general jurisdiction. Id. In order to exercise general jurisdiction, the defendant must have sufficient "continuous and systematic contacts" with the forum State in order for jurisdiction to be proper. Id. at 414. United Plastics does not assert that Terra Tech has sufficient contacts with North Carolina to satisfy the continuous and systematic contacts required to confer general personal jurisdiction. The question is whether Terra Tech's contacts with United Plastics and its counsel in South

4

Carolina regarding the patents are sufficient to confer specific personal jurisdiction.

In this case, Terra Tech sent a cease-and-desist letter to United Plastics in North Carolina, sent additional correspondence to and had telephone conversations regarding potential infringement and licensing information with United Plastics' counsel in South Carolina, and sent an e-mail to a third party in Mississippi regarding United Plastics' alleged infringement.

The Federal Circuit has specifically held that the "sending of letters threatening infringement litigation is not sufficient to confer personal jurisdiction." Silent Drive, 326 F.3d at 1202. In particular, "even though the letters are purposefully directed at the forum and the declaratory judgment action arises out of the letters, letters threatening suit for patent infringement sent to the alleged infringer do not suffice to create personal jurisdiction because to exercise jurisdiction in such a situation would not comport with fair play and substantial justice." Id. (citation omitted); Red Wing, 148 F.3d 1360 (explaining that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum").

The Federal Circuit has found that cease-and-desist letters may serve as a basis to assert personal jurisdiction only where the defendant also has other contacts with the forum. See Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455 (finding that sending cease-and-desist letters coupled with the

5

execution of an exclusive distributorship agreement with another company in the state was sufficient to confer personal jurisdiction); Akro Corp. v. Luker, 45 F.3d 1541, 1548-99 (Fed. Cir. 1995) (finding that infringement letters in conjunction with the grant of an exclusive license to the plaintiff's competitor were sufficient to justify assertion of personal jurisdiction on an out of state patent holder).

Here, it is undisputed that Terra Tech has no contacts with North Carolina other than the correspondence and discussions with United Plastics regarding its patent rights. On these facts, under the law of the Federal Circuit, Terra Tech is not subject to personal jurisdiction on Counts I and II of the Complaint.

III.

Having determined that the Court does not have personal jurisdiction over Terra Tech under Counts I and II of the Complaint, it is necessary to decide whether there is personal jurisdiction over Terra Tech under Count III of the Complaint. See Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004) ("A plaintiff must establish the court's jurisdiction with respect to *each* claim asserted.") (emphasis in original); Silent Drive, 326 F.3d at 1202-03 (addressing each of the counts in the complaint to determine whether the district court had jurisdiction over the count). In addition, as with any claim, it is necessary to determine whether the Court has subject matter jurisdiction.

Count III of the Complaint in this matter contains a claim for tortious interference with contract. The Complaint makes clear that while the declaratory

6

judgment claims regarding non-infringement and invalidity are based on federal law, the tortious interference claim is based on the "statutory and common law of the State of North Carolina." Thus, federal question subject matter jurisdiction is not applicable to the tortious interference claim.

The Complaint does not specifically reference diversity of citizenship as a basis for conferring federal jurisdiction. However, the Complaint states: (1) United Plastics is a North Carolina corporation with its principal place of business in North Carolina; (2) Terra Tech is a Delaware corporation with its principal place of business in Georgia; and (3) United Plastics' "damages and losses will be in an amount of no less than $500,000." Thus, the elements required to establish diversity of citizenship jurisdiction have been pled in the Complaint. See 28 U.S.C. § 1332(a).

Because the tortious interference claim arises under the laws of North Carolina, it is necessary to apply Fourth Circuit law in determining whether a court has personal jurisdiction over the defendant. See Silent Drive, 326 F.3d at 1201 ("Because the issue of personal jurisdiction with respect to non-patent counts is not intimately linked to patent law, we apply the law of the regional circuit."). To exercise personal jurisdiction in the Fourth Circuit, two conditions must be satisfied: "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian

7

Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Therefore, as noted above, because North Carolina's long-arm statute is construed to extend to the full extent permitted by due process, these requirements collapse into a single inquiry. Dillon, 291 N.C. at 676, 231 S.E.2d at 630.

United Plastics does not contend that Terra Tech has sufficient contacts with North Carolina to be subject to general personal jurisdiction. Thus, it is necessary to decide only whether Terra Tech may be subject to specific personal jurisdiction. The Fourth Circuit has instructed that in determining whether specific jurisdiction exists, courts should consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir.2003).

In this case, United Plastics asserts that Terra Tech's correspondence with United Plastics (and with a third party in Mississippi) regarding the patents gives rise to this action. In particular, United Plastics identifies a cease-and-desist letter, subsequent correspondence in which the parties unsuccessfully attempted to negotiate a resolution to the alleged infringement through the execution of a licensing agreement, and an email from Terra Tech's counsel to a third party in

8

Mississipi regarding United Plastics' alleged infringing conduct.

Applying the Fourth Circuit standard to these facts, Terra Tech was not purposely availing itself of the laws of North Carolina when it informed United Plastics of its patent rights. This conclusion is not changed by the fact that Terra Tech engaged in unsuccessful license negotiations with United Plastics. See Red Wing, 148 F.3d at 1361 ("An offer to license is more closely akin to an offer for settlement of a disputed claim rather than an arms-length negotiation in anticipation of a long-term continuing business relationship.").

Moreover, when Terra Tech informed United Plastics of its patent rights, Terra Tech could not have anticipated that such conduct would subject it to suit in the courts of North Carolina. As such, conferring personal jurisdiction over Terra Tech would not be reasonable and would not comport with due process. In fact, this Court recently held that similar contacts with North Carolina were insufficient to confer personal jurisdiction over an out-of-state patentee. Woods Int'l, Inc. v. B.J. McRoy, 436 F. Supp. 2d 744, 751-52 (M.D.N.C. 2006) (explaining that "it would offend fundamental notions of fair play and substantial justice to require [the defendant] to be haled into North Carolina" where the defendant's contacts with North Carolina consisted of a cease-and-desist letter, a letter to a third party alleging infringement, a single sale of products to a resident of the state, and maintenance of a website on the Internet). In sum, on these facts, Terra Tech is not subject to personal jurisdiction on Count III of the Complaint under the law of

9

the Fourth Circuit.

IV.

For the reasons stated above, Terra Tech's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #8] is GRANTED, and this case is DISMISSED.

This the day of February 6, 2007

                                                     /s/ N. Carlton Tilley, Jr.
                                                     United States District Judge